**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gerson S.C.T.,

Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Sheriff Joel Brott, *Sherburne County Sheriff's Office*,

Respondents.

Civil No. 26-1220 (DWF/JFD)

**ORDER**

On February 12, 2026, the Court granted Petitioner Gerson S.C.T.'s petition for writ of habeas corpus and ordered Petitioner's immediate release. (Doc. No. 7 at 4.) The Court directed that Respondents release Petitioner "[w]ithout any conditions on release, including but not limited to requiring Petitioner to sign an 'Order of Release on Recognizance' or requiring Petitioner to enroll and complete an 'Alternatives to Detention' program" and "[w]ithout any tracking devices or use of a tracking application." (*Id.* at 5.) Further, the Court ordered Respondents to "provide reasonable advance notice to counsel to arrange for a safe release of Petitioner." (*Id.*)

Petitioner was released on February 12, 2026, but he notified the Court that the release violated the Court's order. (Doc. No. 9 ¶ 1.) Petitioner identifies multiple

violations. First, Petitioner's counsel was not provided advance notice of Petitioner's release. (*Id.* ¶ 2.) Second, Respondents required Petitioner to sign an Order of Release on Recognizance form (the "OREC"). (*Id.* ¶ 4.) Third, the OREC imposed numerous monitoring requirements, including a mandatory check in on February 17, 2026, electronic monitoring, and a potential curfew. (*Id.* ¶ 5.) Petitioner submitted a copy of the OREC that confirms these violations. (Doc. No. 9-1.)

Petitioner now moves for an order to show cause. (Doc. No. 9.) He asks the Court to strike the OREC and declare it unenforceable, and to order Respondents to show cause as to why Respondents violated the Court's order. (*Id.* ¶ 7.)

The Court specifically declared that Petitioner's detention was unlawful and ordered his release without conditions. Respondents violated that order by imposing conditions on Petitioner's release. It is improper to impose conditions on someone's release after they have been unlawfully detained. The Court therefore grants the motion and orders that these conditions be revoked by Respondents.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondents are directed to revoke all conditions placed on Petitioner's release from unlawful detention.

2. Respondents shall file a status report confirming that any and all conditions placed on Petitioner's release have been revoked, no later than 12:00 p.m. CT on February 14, 2026. Respondents must attach any documents that confirm the conditions were revoked.

3. If Respondents fail to timely file the status report or fail to revoke the release conditions, the Court will issue an order to show cause why Respondents should not be held in contempt, and a contempt hearing will be scheduled.

4. The Court **RESERVES RULING** on Petitioner's motion for order to show cause (Doc. No. [9]).

Dated: February 13, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge